IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY J. LUGO, | ) |
| | ) |
|     Plaintiff(s), | )   No. C 06-0266 CRB (PR) |
| | ) |
| vs. | )   ORDER |
| | ) |
| JEANNE S. WOODFORD, et al., | )   (Doc # 2) |
| | ) |
|     Defendant(s). | ) |

    Plaintiff, a prisoner at Salinas Valley State Prison and a frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that the grievance process of the California Department of Corrections and Rehabilitation ("CDCR") does not work, that he is being denied weekly access to the prison law library and that he was placed in administrative segregation on false grounds. Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date."  Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

Plaintiff has had three or more prior prisoner actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted.  See, e.g., Lugo v. CDC, No. C 98-4108 CRB (PR) (N.D. Cal. Oct. 30, 1998) (order of dismissal); Lugo v. Woodford, No. C 05-4389 CRB (PR) (N.D. Cal. Nov. 2, 2005) (same); Lugo v. Adams, No. C 01-5771 AWI-HGB (E.D. Cal. May 8, 2003) (same); Lugo v. Alamedia, No. C 02-5112 OWW-DLB (E.D. Cal. May 10, 2004) (same); Lugo v. Carrillo, No. C 02-6339 OWW-SMS (E.D. Cal. July 27, 2004) (same); Lugo v. Cobbs, No. C 03-5274 REC-SMS (E.D. Cal. Dec. 27, 2004) (same); Lugo v. Scribner, No. C 03-6517 AWI-WMW (E.D. Cal. Nov. 23, 2004) (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  He is not.  Plaintiff's request to proceed in forma pauperis (doc # 2) accordingly is DENIED.

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him.  See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).  Within 30 days of this order plaintiff may show cause why § 1915(g) does not bar pauper status for him.

2

| | |
|---|---|
| 1 | Failure to show cause, or pay the requisite $ 250.00 filing fee, within the |
| 2 | designated time will result in the dismissal of this action without prejudice to |
| 3 | bringing it in a new paid complaint. |
| 4 | SO ORDERED. |

DATED:  Jan. 25, 2006

CHARLES R. BREYER
United States District Judge

3